MATTHEW L. SEROR (SBN: 235043)
  *mseror@buchalter.com*
AARON M. LEVINE (SBN: 299260)
  *alevine@buchalter.com*
BUCHALTER, A Professional Corporation
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457
Telephone: (213) 891-0700
Fax: (213) 896-0400

Attorneys for Plaintiff
Taste of Nature, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TASTE OF NATURE, INC., a California corporation, as successor in interest to Shari Candies Inc., a Minnesota corporation,<br><br>Plaintiff,<br><br>vs.<br><br>PROVIDE COMMERCE, INC., a Delaware corporation, as successor in interest to Provide Berries, Inc., a Delaware corporation, Shari's Berries, Inc., a California corporation, and Shari's Berries International, Inc., a California corporation<br><br>Defendant. | Case No.<br><br>**PLAINTIFF'S COMPLAINT FOR**<br><br>**(1) TRADEMARK INFRINGEMENT;**<br>**(2) BREACH OF CONTRACT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff TASTE OF NATURE, INC., a California corporation ("Plaintiff" or "Taste of Nature") for its Complaint against defendant PROVIDE COMMERCE, INC. ("Defendant" or "Provide") hereby alleges as follows:

## Nature of the Action

**1.** This is an action which arises out of Defendant's unauthorized use of Plaintiff's trademark in connection with the operation of online retail stores. The parties, through their respective predecessors in interest, entered into a series of trademark license agreements whereby Plaintiff licensed Defendant the right to use the SHARI trademark in connection with the sale of certain food products. The rights granted under the license agreements include the right to use the SHARI trademark in connection with certain approved additional literal elements.

**2.** Defendant has now impermissibly expanded the scope of those agreements by improperly and without authorization utilizing Plaintiff's trademark in connection with the operation of online retail services. By this action, Plaintiff seeks injunctive relief and damages against Defendant.

## Jurisdiction and Venue

**3.** This Court has subject matter jurisdiction over this Complaint pursuant to the Lanham Act, 15 U.S.C. §§ 1051 *et seq.* This Court has supplemental jurisdiction over the remaining claims alleged herein pursuant to 28 U.S.C. § 1367.

**4.** This Court has personal jurisdiction over Defendant because, as detailed herein, Defendant has consented to this Court's jurisdiction. Moreover, Defendant is informed and believes, and based thereon alleges, that Defendant maintains a principal place of business in the state of California.

**5.** Venue is proper in this judicial district because, as detailed herein, the parties have consented to have this action tried before any federal court in the County of Los Angeles. Plaintiff is also informed and believes, and based thereon alleges, that Defendant's infringing conduct as set forth herein is occurring within this judicial district.

## The Parties

6. Plaintiff is a California corporation organized and existing under the laws of the State of California. Plaintiff maintains its principal place of business at 2828 Donald Douglas, Loop N., Suite A, Santa Monica, California 90405.

7. Plaintiff is the assignee of certain agreements, and rights and obligations described therein, previously entered into by Shari Candies, Inc., a Minnesota corporation.

8. Plaintiff is informed and believes, and on that basis alleges, that Defendant is a corporation organized and existing under the laws of the State of Delaware. Plaintiff is informed and believes, and on that basis alleges, that Defendant is doing business in the state of California and maintains a principal place of business at 4840 Eastgate mall, San Diego, California 9121. Plaintiff is further informed and believes, and thereupon alleges, that Defendant is the successor-in-interest to Provide Berries, Inc., a Delaware corporation.

9. Plaintiff is also informed and believes, and on that basis alleges, that Defendant is the assignee of certain agreements, and rights and obligations described therein, previously entered into by Shari's Berries, Inc., a California corporation and Shari's Berries International, Inc., a California corporation.

10. Plaintiff is informed and believes and thereon alleges that Defendants DOES 1 through 10, inclusive, are other as of yet unidentified parties who have participated in and committed the wrongful acts alleged herein. The true names of Defendants 1 through 10 are presently unknown to Plaintiff, which therefore sued said Defendants by such fictitious names. Plaintiff will seek leave to amend this Complaint with their true names and capacities once ascertained.

11. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, employee, alter-ego, affiliate, officer, director, manager, and/or principal of the other Defendants and was at all times relevant hereto acting within the course and scope of such agency

relationship, employment, alter-ego relationship or affiliation.  Plaintiff is further informed and believes and thereon alleges that each Defendant actively participated in, or subsequently ratified each of the acts and conduct alleged herein with full knowledge of all the facts and circumstances attendant thereto, including the rights of the Plaintiff and the damage to be sustained by Plaintiff as a result of the acts and conduct alleged herein.

### The Taste of Nature Brand

12.   Plaintiff is the owner, and the sole and exclusive licensor of the SHARI trademark, and the distributor of goods, including high-quality candy and snack foods, under the SHARI trademark.

13.   Plaintiff and its predecessors have manufactured and sold goods, including candy snack food products, under the SHARI trademark, since as early as 1946..  The management of its brand and identity are of the utmost importance to Plaintiff.

14.   Plaintiff owns all rights in and to several trademarks relating to the literal element "SHARI" including the following trademarks which are protected by federal trademark registrations:

   a.   United States Trademark Registration No. 3214419 for the SHARI and DESIGN mark, for use in connection with glazed fruit; candied fruit; snack mixes consisting primarily of processed fruits, processed nuts, raisins, processed sunflower seeds, dried soybeans, pepitas, and also including sugar; candy.  Registration No. 3214419 is incontestable.

   b.   United States Trademark Registration No. 1864816 for the SHARI word mark for use in connection with candy, namely, almond bark chips; and snack mixes consisting primarily of – dried fruit, nuts,

raisins, sunflower seeds, soybeans, pepitas and sugar.[1] Registration No. 1864816 is incontestable.

15. THE MARKS are valid and subsisting.

16. Plaintiff utilizes THE MARKS in connection with the sale of candy, snacks, and related goods, including through Plaintiff's e-commerce website. Plaintiff's and its predecessors' use of THE MARKS has been continuous since 1946.

17. Through Plaintiff's use of THE MARKS, consumers have come to recognize the goods and services sold under THE MARKS as emanating from a high quality source. Plaintiff has spent significant resources, including time, money, and effort, in the advertisement and promotion of its goods and services. As a result, Plaintiff's goods and services are widely known and inextricably connected to THE MARKS.

## Plaintiff Licenses The Marks to Defendant

18. Prior to February 2011, Plaintiff's predecessor in interest and Defendant's predecessor in interest entered into a license agreement whereby Defendant's predecessor was permitted to use THE MARKS in certain ways.

19. On or around February 23, 2011, Plaintiff, having acquired its predecessor's rights and obligations under the agreement referenced in the preceding paragraph, entered into a new License Agreement with Provide Berries, Inc., Defendant's predecessor (hereinafter, the "License Agreement"), a copy of which is attached here as **Exhibit 2**. The License Agreement specifically provided that the earlier agreement as between the parties' respective predecessors in interest would remain valid and subsisting, except as specifically modified by the terms of the License Agreement.

---

[1] Collectively the SHARI trademarks, including trademark Registration numbers 3214419 and 1864816 are hereinafter referred to as "THE MARKS." Copies of the trademark registrations representing THE MARKS are attached hereto as **Exhibit 1**.

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

**20.** Pursuant to the License Agreement, Defendant has a non-exclusive license from Plaintiff to use THE MARKS, and certain approved composite trademarks incorporating THE MARKS, in connection with the sale of certain approved products, subject to the restrictions of the License Agreement. The approved products included, among other things, chocolate dipped strawberries, chocolate dipped fruit, chocolate dipped bottles, cookies, coffee, espresso beans, frozen desserts, and popcorn. The License Agreement did not permit Defendant to utilize THE MARKS in connection with any goods or services other than as specifically set forth in the License Agreement.

**21.** The License Agreement further provided that Defendant would not do anything or suffer anything to be done which may adversely affect any rights of Plaintiff in and to THE MARKS.

**22.** On or around November 21, 2016, Plaintiff, on the one hand, and Defendant, as a successor in interest of Provide Berries, Inc., on the other hand, entered into a First Amendment to the License Agreement (hereinafter, the "Amendment"), a copy of which is attached here as **Exhibit 3**. The Amendment amended the license grant to allow Defendant to utilize THE MARKS in connection with newly approved composite trademarks incorporating THE MARKS, including, for the first time, the composite trademark "SHARI'S GOURMET." The composite marks allowed for use under the amended License Agreement are referred to as the Permitted Uses. The Amendment did not authorize Defendant to utilize the Permitted Uses other than as set forth in the License Agreement, as amended.

**23.** The License Agreement, as amended, does not grant Defendant the right to use THE MARKS or the Permitted Uses in connection with retail store services or online retail store services.

///
///

**Defendant's Effort to Register Plaintiff's Mark**

24.     On or around May 17, 2017, Defendant filed an application, Serial Number 87453243, with the United States Patent and Trademark Office to register the mark "SHARI'S GOURMET AND DESIGN" (hereinafter, the "Application"). The services claimed in the Application are currently as follows: online retail store services, retail mail order catalogue services and retail shop-by-telephone services featuring dipped fresh or frozen fruits, baked goods, marshmallows, espresso beans, whole or ground coffee, cocoa powder, crackers, meats, cheeses, food spreads, condiments, gift items such as plush toys and mugs, bags, trays, and containers, gift baskets comprising various food and/or beverage items, and live flowers sold as a unit with food and/or beverage items in Class 035.

25.     The Application was filed based on Defendant's bona fide intent to use the SHARI'S GOURMET AND DESIGN trademark.

26.     In connection with the filing of the Application, Defendant, through its Vice President and Assistant General Counsel, submitted a sworn statement that Defendant "believes that [it] is entitled to use the mark in commerce" and that Defendant "has a bona fide intention to use the mark in commerce on or in connection with the goods/services in the application".

27.     On or around December 20, 2017, Plaintiff filed a Notice of Opposition to Defendant's Application.

28.     On or around March 14, 2018, Defendant filed an answer to Plaintiff's Notice of Opposition, alleging, among other things that Plaintiff had abandoned the mark at issue as to one of several uses that Defendant was seeking trademark rights in connection with. Specifically, the answer filed with the United States Patent and Trademark Office Trademark Trial and Appeal Board by Defendant included the allegation that "[THE MARKS have] been abandoned as to one or more of the listed goods."

///

## FIRST CLAIM FOR RELIEF

### (Trademark Infringement – Against Defendants)

29. Plaintiff repeats and incorporates by reference the allegations contained in Paragraphs 1 through 28 as if fully set forth herein.

30. Plaintiff is the owner of THE MARKS, which are valid, distinctive, and with regard to the registrations for THE MARKS, incontestable, for use in connection with candy and snack products. Plaintiff, and its predecessors in interest, have been utilizing THE MARKS in commerce continuously since 1946. THE MARKS are strong and well-known and are entitled to a broad scope of protection.

31. Plaintiff has licensed THE MARKS to Defendant for use in limited circumstances. Specifically, the License Agreement, Amendment, and earlier agreements permit Defendant to utilize THE MARKS in connection with the sale of approved food products. This includes utilizing the Permitted Use of SHARI'S GOURMET, including the design formative of the mark represented by the Application.

32. However, neither the License Agreement, the Amendment, nor any earlier agreement authorized Defendant to utilize THE MARKS or the Permitted Uses in connection with online retail services or other retail store services..

33. Despite this limitation, Defendant maintains and operates a website, accessible at https://www.sharisgourmet.com, wherein Defendant actively utilizes THE MARKS and a Permitted Use, specifically the SHARI'S GOURMET trademark, in connection with online retail services.

34. Defendant's use of THE MARKS in connection with the aforementioned retail store services is likely to cause confusion in the marketplace by: (1) falsely representing that a business relationship exists between the parties insofar as online services are concerned; (2) falsely representing that Plaintiff's

goods may be purchased through Defendant's website; and (3) diverting customers from Plaintiff's legitimate website to Defendant's website.

35. On information and belief, Plaintiff alleges that at all relevant times, Defendant was on actual and constructive notice of Plaintiff's rights in and to THE MARKS and to the fact that the License Agreement did not authorize Defendant to utilize THE MARKS in connection with online retail services. As a result, Defendant's continued infringement is willful and intentional and undertaken without regard for the harm that such infringement would cause Plaintiff.

36. Unless enjoined and restrained by the Court, Defendant is likely to engage in conduct that will cause irreparable harm to Plaintiff, for which Plaintiff has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF

### (Breach of Contract – Against Defendants)

37. Plaintiff repeats and incorporates by reference the allegations contained in Paragraphs 1 through 36 as if fully set forth herein.

38. The License Agreement as amended constitutes a valid agreement between the parties.

39. Section 5.1 of the License Agreement explicitly provides: (1) as between the parties, Plaintiff "owns the exclusive right, title and interest in and to [THE MARK]" and Defendant "shall not represent in any manner that it has any ownership rights therein[;]" (2) use by Defendant of THE MARKS "shall not create … any right , title or interest in or to [THE MARKS;]" and (3) any and all goodwill associated with [THE MARKS] or arising from [Defendant's] use of [THE MARKS] … shall inure exclusively to the benefit of [Plaintiff] …."

40. Section 5.2 of the License Agreement further provides that Defendant "shall not do anything or suffer anything to be done which may adversely affect any rights of [Plaintiff] in or to the [THE MARKS]."

**41.** Plaintiff has performed all of its obligations pursuant to the parties' agreement.

**42.** Defendant has breached the terms of the License Agreement by, among other things, filing the Application for trademark registration of a Permitted Use, specifically of THE MARKS in connection with the additional literal element "Gourmet" and challenging Plaintiff's rights to THE MARKS by and through its contention that Plaintiff has abandoned its interest in THE MARKS.

**43.** Unless enjoined and restrained by the Court, Defendant's continued breach of the License Agreement is likely to cause irreparable harm to Plaintiff, for which Plaintiff has no adequate remedy at law.

**44.** As a proximate result of the breach of the License Agreement, Plaintiff has also suffered damages in an amount to be proven at trial.

**45.** Section 7.4 of the License Agreement provides that the prevailing party in any action commenced under the License Agreement shall be awarded its costs and disbursements incurred therein, including reasonable attorneys' fees. Plaintiff has employed the law firm of Buchalter, A Professional Corporation, for the purpose of initiating this action.

## **PRAYER FOR RELIEF**

Therefore, Plaintiff prays for judgment against Defendant as follows:

**1.** Finding that Defendant has infringed Plaintiff's trademark rights under 15 U.S.C. § 1125.

**2.** Ordering that Defendant and its subsidiaries, officers, agents, directors, servants, employees, partners, representatives, licensees, related companies, assigns, and attorneys, and all persons in active concert or participation with Defendant be enjoined, on a worldwide basis, from utilizing THE MARKS in connection with the offering of retail services, including online retail services, including those available at https://www.sharisgourmet.com.

  **3.** Ordering that Defendant and its subsidiaries, officers, agents, directors, servants, employees, partners, representatives, licensees, related companies, assigns, and attorneys, and all persons in active concert or participation with Defendant be enjoined, on a worldwide basis, from registering THE MARKS and/or the Permitted Uses as trademarks.

  **4.** Granting an award of damages suffered by Plaintiff as a result of Defendant's infringement of THE MARKS, according to proof at the time of trial.

  **5.** Granting an award of damages suffered by Plaintiff as a result of Defendant's breach of the License Agreement, according to proof at the time of trial.

  **6.** Granting an award of Plaintiff's costs, expenses and reasonable attorneys' fees pursuant to the terms of the License Agreement and to the full extent provided for by Section 35 of the Lanham Act, 15 U.S.C. § 1117;

  **7.** Granting an award of pre-judgment interest on any monetary award made part of the judgment against Defendant;

  **8.** Granting such other and further relief as the Court deems just and proper.

DATED:  August 10, 2018    BUCHALTER
                A Professional Corporation


                By:  /s/ Matthew L. Seror
                   MATTHEW L. SEROR
                   AARON M. LEVINE
                Attorneys for Plaintiff
                TASTE OF NATURE, INC.

**Jury Demand**

Plaintiff demands a jury trial on all issues so triable pursuant to Federal Rule of Civil Procedure, Rule 38(b).

DATED: August 10, 2018

BUCHALTER
A Professional Corporation

By: /s/ Matthew L. Seror
MATTHEW L. SEROR
AARON M. LEVINE
Attorneys for Plaintiff
TASTE OF NATURE, INC.